UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN PELLEGRINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO SUPERIOR COURT, *et al.*,<br><br>　　　　Defendants. | **Case No. 1:15-cv-01564-LJO-EPG**<br><br>**ORDER REMANDING CASE TO FRESNO COUNTY SUPERIOR COURT SUA SPONTE**<br><br>(ECF Nos. 2, 3, 4, and 5) |

**I.	INTRODUCTION**

On October 14, 2015, *pro se* Plaintiff Lillian Pellegrini ("Plaintiff") filed a Notice of Removal removing a probate case from Fresno County Superior Court. (ECF No. 1.) On that same date, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"), a Motion to Seal the case, a Motion to Dismiss the state action, and a Motion for Injunction. (ECF Nos. 2, 3, 4, 5.) Plaintiff asserts that removal of the case is proper because it implicates "14th Amendment rights regarding property and a denial of an opportunity to be heard to oppose false statements of fact and law being upheld since inception." (Request for Transfer to Federal Court 28 USC 1441 2:2-5, ECF No. 2.) She also claims that a federal question is raised in the case under 28 U.S.C. §§ 1392 and 1395. *Id.* The case has been proceeding in Fresno County Superior Court since 2010. *Id.*

///

///

1

## II. LEGAL STANDARD

A district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raise[ ] the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, must be "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Under the removal statute, a removing party must file a notice of removal of a civil action within 30 days of receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). A defendant thus "bears the burden of establishing that removal is proper." *Id.* As a result, any ambiguities should be resolved "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A district court must remand an action to state court for lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. § 1447(c). Any defects in the Court's subject matter jurisdiction require remand; the duty to remand under 28 U.S.C. § 1447(c) is "mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

A party may remove an action to federal court where that action "falls within the original 'federal question' jurisdiction of the United States district courts." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8 (1983), *citing* 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000), quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999). It is not enough to "show that a federal question lurks somewhere inside the parties' controversy." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). Rather, courts must determine federal jurisdiction based solely on what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014.

Generally, subject matter jurisdiction can be established in three ways: 1) a federal question is presented; 2) diversity of citizenship is established (the matter in controversy exceeds

$75,000 and is between citizens of different states); or 3) the United States is a party. 28 U.S.C. §§ 1331 and 1332; *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Finley v. United States*, 490 U.S. 545 (1989). Plaintiff has failed to establish that federal jurisdiction is proper. The United States is not a party to this action. Similarly, Plaintiff cannot establish that a federal question has been presented or that there is diversity between the parties. Finally, Plaintiff's Notice of Removal is procedurally defective and the case must be remanded.

### III.  DISCUSSION

#### A. Plaintiff's Notice of Removal is Defective and Improper

As an initial matter, the Court finds that Plaintiff's Notice of Removal lacks the required short and plain statement of removal. The Notice attempts to invoke federal question jurisdiction, but does not explain how the Court has original jurisdiction over the state court action. Moreover, 28 U.S.C. § 1446(a) requires that the moving party's notice of removal must be accompanied by "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Plaintiff has not attached any such pleadings, nor does Plaintiff even attach a copy of the complaint or any other initial pleading in this case. Plaintiff has failed to comply with this requirement and the Notice is thus defective.

The Notice is also untimely. A notice of removal must be filed within thirty days of receipt or service of the initial pleading or summons in a state court action (28 U.S.C. § 1446(b)(2)(B)) or, if the case was not initially removable, within thirty days of receipt by defendant of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). According to the Notice of Removal, Plaintiff has been actively litigating the state court action since at least 2010, five years before the filing of the Notice of Removal. Based on these procedural defects alone, the case must be remanded to Fresno County Superior Court. *Sladek v. Bank of America, N.A.*, No. 13-cv-03094-PAB-MEH, 2015 WL 5026193, at *2 (D. Colo. Aug. 25, 2015).

///

///

**B. Plaintiff Fails to Demonstrate Federal Question Jurisdiction**

Even if Plaintiff's Notice of Removal were not defective, she would be unable to demonstrate that this Court has jurisdiction to hear her claims. The record indicates that Plaintiff is litigating a state court action involving the disposition of assets under the California Probate Code. Plaintiff asserts federal question jurisdiction exists because "a final ruling in Fresno State Court" has resulted in "violations of 14th Amendment rights regarding property and a denial of an opportunity to be heard to oppose false statements of fact and law being upheld since inception." (ECF No. 1.) She also asserts that a federal question is raised under 28 U.S.C. §§ 1392 and 1395. But a removing party cannot create federal jurisdiction through the mere invocation of a federal statute in her notice of removal or via a cross-complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue").

Nor is it clear that the cited statutes or rights are implicated in this case. As explained above, federal question jurisdiction is determined from the face of plaintiff's "properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's failure to attach a copy of the complaint (or other initial pleading) from the state action has thus deprived the Court of any opportunity to evaluate the propriety of her assertion of federal jurisdiction on these grounds—the Court cannot find that federal question jurisdiction exists based solely on the recitation of these statutes in the Notice of Removal.[1]

Based on the Notice of Removal, the state court action appears to involve the disposition of assets in a probate case. Such matters do not fall within the purview of federal jurisdiction. *Wells Fargo Bank, N.A. v. Stern*, No. C 02-5126 SI, 2003 WL 22114268, at *2 (N.D. Cal. Sept. 8, 2003) ("A federal court's equity jurisdiction does not include the authority to decide cases which would require it to, 'interfere with the probate proceedings or assume general jurisdiction of the

---

[1] Neither of the statutes appears to implicate a federal cause of action that would be applicable in this context, in any case. Section 1392 was repealed in 2011 (Pub. L. 112-63, § 203, 125 Stat. 764) and section 1395 relates to venue for civil forfeiture actions.

4

probate or control of the property in the custody of the state court'"), *quoting Markham v. Allen*, 326 U.S. 490, 494 (1946).

### C. Plaintiff Fails to Demonstrate Diversity Jurisdiction

Title 28, section 1332(a) of the United States Code establishes diversity jurisdiction and provides, in part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . (1) citizens of different States . . . ." In a federal action, a defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996).

In this case, the parties are not citizens of different states. Diversity requires that "the citizenship of each plaintiff" be "diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). An "individual is a citizen of the state in which he is domiciled; domicile is determined by an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1019 (C.D. Cal. 2002), *citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). According to the Notice of Removal, Plaintiff is domiciled in Fresno, California and at least one of the Defendants, Marlene Merchant, is domiciled in Murieta, California. (ECF No. 1.) The Court thus cannot find jurisdiction based on diversity.

Finally, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b). Thus, removal based on diversity jurisdiction is not permitted in this instance.

### D. Plaintiff's Other Motions

As explained above, Plaintiff has also filed an Application to Proceed *In Forma Pauperis*, a Motion to Dismiss, a Motion for Injunctive Relief, and a Motion to Seal her case. (ECF Nos. 2, 3, 4, 5.) In light of this Court's lack of jurisdiction, all of these motions are denied as moot. The motions are also denied for the following reasons.

Plaintiff's Application to Proceed *In Forma Pauperis* is incomplete; to apply to proceed IFP, a plaintiff must submit an affidavit that "state[s] the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("The right to proceed in forma pauperis is not an unqualified one. It is a privilege, rather than a right"); *United States v. Shadley*, No. 2:09-MC-80 WBS GGH, 2010 WL 2509910, at *1 (E.D. Cal. June 17, 2010) (denying request to proceed IFP where applicant "failed to adequately document her financial status"). Plaintiff, however, has not answered questions 2(b) (requiring the dates of her last employment, amount of take-home pay, and name and address of her last employer); 3 (requiring a list of the sources of her income); or 6 (requiring the names, relationships, and amount of support provided to any persons who are dependent on her for support) and has offered incomplete answers in response to questions 4 (requiring her to state the amounts that she currently has in cash or in checking or savings accounts) and 5 (requiring her to describe and valuate any real estate, stocks, bonds, securities, other financial instruments, automobiles, or other things of value in her possession).

Moreover, Plaintiff's Motion to Seal does not make the requisite showing to place the case under seal. Under Local Rule 141(b), a request to seal documents must "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of person to be permitted access to the documents, and all other relevant information." The only information Plaintiff has furnished is an oblique reference to an order by Fresno County Superior Court. Even if there is an existing protective order in a state court action, however, Plaintiff must make a specific request for an order sealing her case here. Local Rule 141(a) ("specific requests to seal must be made even if an existing protective order, statute, or rule requires or permits the sealing of the document").

Finally, because the Court has determined that it lacks subject matter jurisdiction over this case, it is unable to provide the relief sought in Plaintiff's Motion for Injunctive Relief or Motion to Dismiss. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its

existence"); *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court"). Nor has Plaintiff fulfilled the procedural requirements under Local Rule 231 in seeking injunctive relief.

**IV.     ORDER**

For the reasons described above, IT IS HEREBY ORDERED that:

1. This case is REMANDED to Fresno County Superior Court;
2. Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is DENIED;
3. Plaintiff's Motion to Seal (ECF No. 5) is DENIED;
4. Plaintiff's Motion to for Injunctive Relief (ECF No. 4) is DENIED;
5. Plaintiff's Motion to Dismiss (ECF No. 3) is DENIED.

**IT IS SO ORDERED**
**Dated: October 20, 2015**

/s/ **Lawrence J. O'Neill**
**United States District Judge**